1
2
3
4
5
6
7
8        **UNITED STATES DISTRICT COURT**

9        **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   MAURICE FLOURNOY, | Case No. 19-cv-1368-BAS-NLS |
| 12              Petitioner, | **ORDER:** |
| 13   v. | **(1) GRANTING APPLICATION TO PROCEED** *IN FORMA PAUPERIS* **[ECF No. 2]** |
| 14   CALIFORNIA DEPARTMENT OF CORRECTIONS AND | |
| 15   REHABILITATION, | **AND** |
| 16              Respondent. | **(2) DISMISSING PETITION WITH LEAVE TO AMEND** |
| 17 | |

18        Petitioner, a state prisoner proceeding *pro se*, has submitted a Petition for Writ of

19  Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed *in forma*

20  *pauperis* ("IFP"). (ECF Nos. 1, 2.) For the reasons herein, the Court grants Petitioner's

21  IFP motion and dismisses the Petition with leave to amend.

22

23        **REQUEST TO PROCEED** *IN FORMA PAUPERIS*

24        Petitioner has no funds on account at the California correctional institution in which

25  he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court

26  grants Petitioner's IFP motion, (ECF No. 2), and allows Petitioner to prosecute this action

27  without being required to prepay fees or costs and without being required to post security.

28  The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment

of the filing fee.

## FAILURE TO NAME A PROPER RESPONDENT

Review of the Petition reveals that the Petition must be dismissed without prejudice because Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id*. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id*. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note). A long-standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named the "California Department of Corrections" and "State of California," as Respondents. For this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of

19cv1368

Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam). Accordingly, the Petition must be **DISMISSED** without prejudice.

## CONCLUSION & ORDER

Based on the foregoing, the Court **GRANTS** Petitioner's request to proceed *in forma pauperis*, (ECF No. 2), and **DISMISSES** the Petition without prejudice because Petitioner has failed to name a proper respondent, (ECF No. 1). To reopen this case, Petitioner must, **no later September 30, 2019**, file a First Amended Petition that cures the pleading deficiencies set forth above. A blank First Amended Petition is included with this Order for Petitioner's convenience.

**IT IS SO ORDERED.**

**DATED: July 26, 2019**

Hon. Cynthia Bashant
United States District Judge

19cv1368